**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61632-RAR**

**EVELYN VASQUEZ VEGA**,

      Petitioner,

v.

**UNITED STATES ATTORNEY GENERAL**
**and WARDEN OF BROWARD**
**TRANSITIONAL CENTER**,

      Respondents.

_____/

### ORDER OF INSTRUCTIONS TO *PRO SE* HABEAS PETITIONER

Because Petitioner is proceeding *pro se*—and to better manage the orderly progress of this case—it is hereby **ORDERED and ADJUDGED** as follows:

1.     *Pro se* litigants, like all litigants, must comply with procedural rules. Petitioner shall therefore comply with the Rules Governing Section 2254 Cases,[1] the Federal Rules of Civil Procedure,[2] and the Local Rules for the Southern District of Florida. Petitioner may obtain the Local Rules from the Clerk of the Court. Petitioner's failure to comply with federal and local rules may result in sanctions, which could include dismissal of the case. Similarly, failure to comply with any court order may result in dismissal.

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases states "[t]he district court may apply any or all of these rules to a habeas corpus petition not [enumerated under] Rule 1(a)." *Id.* (cleaned up).

[2] Pursuant to Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in habeas proceedings "to the extent they are not inconsistent with any statutory provisions or [with the Rules Governing Section 2254 Cases.]" *Id.* (cleaned up).

2.      Habeas proceedings, unlike ordinary civil proceedings, are subject to a heightened pleading standard.  *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011).  Thus, "[t]he § 2254 Rules and the § 2255 Rules mandate 'fact pleading' as opposed to 'notice pleading,' as authorized under Federal Rule of Civil Procedure 8(a)."  *Id.*  Petitioner is therefore put on notice that any claims that fail to meet this standard shall be summarily dismissed or denied.

3.      It shall be at all times Petitioner's responsibility to keep the Court informed of Petitioner's *current* address.  To provide the Court with a new address, Petitioner must file a "Notice of Change of Address" on the docket.  The Notice must include both the new address and the date on which the new address became effective.  The Notice may not include *any other* information.  Until Petitioner has filed such a Notice, the Court will not know whether Petitioner has been transferred or released.

4.      **Under no circumstances shall Petitioner mail any pleading or document to any Judge or Magistrate on this Court**.  The Court will disregard any such pleading or document.

5.      Petitioner shall not send letters to the Court or to the Clerk of the Court.  Under the Federal Rules of Civil Procedure, if Petitioner wants relief, Petitioner must file a motion—that is, a document requesting that relief—on the Court's docket and must furnish copies of that motion to the opposing side.  Because letters are not motions or pleadings, any letters from Petitioner will be discarded and will not appear on the Court's docket.

6.      A *pro se* litigant who wishes to oppose a motion must respond in writing within the time periods provided by the Local Rules and the Federal Rules of Civil Procedure.  If the Court instructs a *pro se* litigant to respond by a certain date, the *pro se* litigant must comply with that order.

7.      No litigant may call the Judge's chambers for legal advice about the case.  This prohibition applies equally to the litigant's family, friends, or acquaintances.  Brief case status information may be available from the Clerk of the Court.  But Petitioner should understand that no Court employee can (or will) provide legal advice to any litigant, *pro se* or otherwise.

8.      All filed papers must include the case style, case number, and appropriate title in the format required by the Local Rules.  The signature block of each pleading must also contain the *pro se* litigant's name and address. Petitioner must mail the original of every pleading or document to the Clerk of the Court at one of the following addresses: for <u>Miami</u> cases, to 400 North Miami Avenue, 8th Floor, Miami, Florida 33128; for <u>Fort Lauderdale</u> cases, to 299 East Broward Boulevard, Room 108, Fort Lauderdale, Florida 33301; for <u>West Palm Beach</u> cases, to 701 Clematis Street, Room 202, West Palm Beach, Florida 33401; and for <u>Fort Pierce</u> cases, to 101 South U.S. Highway 1, Room 1016, Fort Pierce, Florida 34950.  Each such submission shall include (1) a copy of the filing or document and (2) a certificate of service, in which Petitioner shall state the date on which Petitioner mailed a true and accurate copy of the pleading or document to Respondent.

**DONE AND ORDERED** in Miami, Florida, this 13th day of August, 2025.

        _____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Evelyn Vasquez Vega
        A-240-683-439
        Broward Transitional Center
        Inmate Mail/Parcels
        3900 North Powerline Road
        Pompano Beach, FL 33073
        PRO SE