**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61632-RAR**

**EVELYN VASQUEZ VEGA**,

     Petitioner,

v.

**UNITED STATES ATTORNEY GENERAL**
**and WARDEN OF BROWARD**
**TRANSITIONAL CENTER**,

     Respondents.
_____/

**ORDER TO SHOW CAUSE**

     **THIS CAUSE** comes before the Court on Petitioner Evelyn Vasquez Vega's *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, [ECF No. 1], her corresponding Memorandum in Support, [ECF No. 1-1], and attached Exhibits, [ECF No. 1-2]. Petitioner, a native of Colombia, challenges her pre-removal detention in the custody of Immigration and Customs Enforcement ("ICE") under the Fifth Amendment and immigration law. *See* Mem. at 3. Respondent filed a Response, [ECF No. 6], arguing, in part, that the Court lacks jurisdiction to adjudicate the Petition, as Petitioner failed to exhaust her administrative remedies because her appeals of her removal order and bond determination were pending before the Board of Immigration Appeals ("BIA"). Petitioner filed a Reply, [ECF No. 7], and Supplemental Authorities, [ECF No. 8].

     The Court takes judicial notice of several material changes to Petitioner's detention and removal status. *See, e.g.*, *Ryzhov v. Mayorkas*, 634 F. Supp. 3d 1107, 1111–12 (S.D. Fla. 2022) ("Several district courts within the Eleventh Circuit have taken judicial notice of USCIS decisions

and other information readily available on the websites of government agencies, finding such information was not subject to reasonable dispute and was capable of accurate and ready determination." (citing cases)).  Upon review of the Automated Case Information System of the Executive Office for Immigration Review, the Court finds that the BIA dismissed Petitioner's appeal on December 15, 2025 (available at: https://acis.eoir.justice.gov/en/ (A-Number: 240-683-439; Nationality: Colombia)).  Further, ICE's Online Detainee Locator System reflects that Petitioner is no longer detained at Broward Transitional Center; rather, she is currently in ICE custody at Laredo Detention Center at 4702 E. Saunders St., Laredo, TX, 78401 (available at: https://locator.ice.gov/odls/#/search (A-Number: 240-683-439; Country of Birth: Colombia)).

These changes impact the instant proceedings in at least three ways.  First, the termination of Petitioner's pre-removal proceedings, given the BIA's dismissal of her appeal, has nullified Respondent's arguments that the Court lacks jurisdiction over the Petition because Petitioner had not fully exhausted her administrative remedies.  *See* Response at 5 ("Because Petitioner filed her Petition without fully exhausting the administrative remedies available to her (in that the issues that she asks this Court to adjudicate are currently pending before the BIA), this Court lacks jurisdiction to hear her claims.").  It remains unclear, however, which claims the Court may now assert jurisdiction over because, second, Petitioner's removal order is now final, and she appears to be in the midst of post-removal proceedings.  *See* 8 C.F.R. § 1241.1(a) (providing that a removal order becomes final, *inter alia*, "[u]pon dismissal of an appeal by the Board of Immigration Appeals"); *see also* 8 U.S.C. § 1231(a)(1)(B)(i) (providing that the removal period begins when a removal order becomes administratively final).  Because Petitioner is being detained pursuant to a new statute, some or all of the claims in her Petition may be moot.  *See, e.g.*, *Mohammad v. Creel*, No. 13-CV-274, 2014 WL 204426, at *2 (N.D. Fla. Jan. 17, 2014) ("Because Petitioner is no

longer held under the pre-removal statute, § 1226(c), but is now detained pursuant to the removal statute, § 1231, a decision from this Court concerning the prior period of detention would not provide Petitioner the habeas relief he seeks because his detention during the time this case has been pending is authorized under § 1231.").

Third, given Petitioner's transfer to a facility in Webb County, Texas, located in the Southern District of Texas, her immediate custodian is no longer within the jurisdiction of this Court. *See* 28 U.S.C. § 124(b)(3). As a general matter, "[w]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004). However, the Court is uncertain as to whether there is now any "appropriate respondent" in reach of the Court's process "to whom the [ ] Court could direct the writ" should it determine that Petitioner is entitled to relief. *Id.* at 440 (quoting *Ex parte Endo*, 323 U.S. 283, 304–05 (1944)).

In addition, transfer may serve the interests of justice should the Southern District of Texas determine that Petitioner's claims are meritorious. *See* 28 U.S.C. § 1406(a); *see also Gardner v. United States*, No. 23-CV-10077, 2023 WL 9316848, at *2 (N.D. Fla. Oct. 25, 2023) (listing cases in which courts "have recognized where a [28 U.S.C.] § 2241 petitioner has been redesignated to a prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held"), *report and recommendation adopted*, 2024 WL 200899 (N.D. Fla. Jan. 18, 2024). Thus, based on the foregoing, the parties are hereby

**ORDERED** to **SHOW CAUSE** on or before **January 14, 2026**, as to the following: (a) whether jurisdiction exists over any claims in the Petition, [ECF No. 1]; (b) if jurisdiction exists, whether any or all of Petitioner's claims are now moot in light of her final order of removal, taking

into consideration any applicable exceptions to mootness; and (c) if any case or controversy remains, whether transfer to the Southern District of Texas would serve the interests of justice, including whether there are any appropriate respondent(s) with legal authority to effectuate Petitioner's release.  If Petitioner fails to timely respond to this Order, the Court may dismiss or transfer the Petition accordingly without further notice.

        **DONE AND ORDERED** in Miami, Florida, this 30th day of December, 2025.

        **RODOLFO A. RUIZ II**
        **UNITED STATES DISTRICT JUDGE**

cc:    Evelyn Vasquez Vega
        A -240-683-439
        Laredo Detention Center
        Inmate Mail/Parcels
        4702 East Saunders St.
        Laredo, TX 78401
        PRO SE