**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-61632-RAR**

**EVELYN VASQUEZ VEGA**,

　　　　Petitioner,

v.

**UNITED STATES ATTORNEY GENERAL**
**and WARDEN OF BROWARD**
**TRANSITIONAL CENTER**,

　　　　Respondents.
_____/

**<u>ORDER TRANSFERRING CASE</u>**

**THIS CAUSE** comes before the Court upon *sua sponte* review of the record. On December 30, 2025, the Court took judicial notice of Petitioner's transfer from Broward Transitional Center to Laredo Detention Center at 4702 E. Saunders St., Laredo, Texas, 78401 (available at: https://locator.ice.gov/odls/#/search (A-Number: 240-683-439; Country of Birth: Colombia)), along with the Board of Immigration Appeal's ("BIA") dismissal of Petitioner's appeal on December 15, 2025 (available at: https://acis.eoir.justice.gov/en/ (A-Number: 240-683-439; Nationality: Colombia)). *See* Order to Show Cause, [ECF No. 10], at 1–2. The Court therefore ordered both Petitioner and Respondent to show cause (1) "whether jurisdiction exists over any claims in the Petition"; (2) "if jurisdiction exists, whether any or all of Petitioner's claims are now moot in light of her final order of removal, taking into consideration any applicable exceptions to mootness"; and (3) "if any case or controversy remains, whether transfer to the Southern District of Texas would serve the interests of justice, including whether there are any appropriate respondent(s) with legal authority to effectuate Petitioner's release." *Id.* at 3–4.

In relevant part, Respondent concedes that "[t]he claims raised in the Petition are not yet moot" because "the relief that Petitioner appears to be seeking . . . are actions that this Court can still take."  Response, [ECF No. 11], at 2.  But it explains that transfer of this proceeding to the Southern District of Texas, while "not mandated by law," "is permissible."  *Id.* at 3 (citations omitted).  Respondent further provides that "there is an appropriate respondent in the Southern District of Texas" to effectuate Petitioner's release.  *Id.* at 4.

In contrast, Petitioner has filed a *pro se* "Motion [for] Leave to File a Petition for a Temporary Restraining Order/Preliminary Injunction," ("Motion"), [ECF No. 13].  In the Motion, Petitioner seeks "an injunction requesting [her] relocation to the Broward Transitional Center during the pendency of the action" because, she asserts, Immigration and Customs Enforcement ("ICE") authorities have "planned to use transfers to evade the jurisdiction of the Court."  Mot. at 1.  As best the Court can tell, she desires to remain within the jurisdiction of this Court "for the convenience of parties and witnesses [and] in the interest of justice," *id.* (cleaned up); however, Petitioner does not meaningfully argue whether an appropriate respondent exists within the process of this Court to effectuate her removal should she be entitled to relief on her Petition.  *See generally id.*  Somewhat contradictorily, Petitioner *also* requests that Respondent be "enjoined from execut[ing] the relocating of Petitioner from . . . Laredo Detention Center . . . to the Southern District of Florida until further order of this [C]ourt."  *Id.* at 6.

After reviewing the record and the parties' briefings, the Court concludes that transfer serves the interests of justice, as the Southern District of Texas may determine that Petitioner's claims are meritorious, and an appropriate respondent exists in that District.  *See Gardner v. United States*, No. 23-CV-10077, 2023 WL 9316848, at *2 (N.D. Fla. Oct. 25, 2023) (listing cases in which courts "have recognized where a [28 U.S.C.] § 2241 petitioner has been redesignated to a

prison facility in another jurisdiction, a court may transfer the petition to the jurisdiction in which the petitioner is being held"), *report and recommendation adopted*, 2024 WL 200899 (N.D. Fla. Jan. 18, 2024).  Being fully advised, then, it is hereby

    **ORDERED AND ADJUDGED** that this case is **TRANSFERRED** to the Southern District of Texas, Houston Division.  *See* 28 U.S.C. § 124(b)(3).  All pending motions are **DENIED as moot**.  Upon transfer, the Clerk shall **CLOSE** the case.

    **DONE AND ORDERED** in Miami, Florida, this 21st day of January, 2026.

 

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:    Evelyn Vasquez Vega
       A-240-683-439
       Laredo Detention Center
       Inmate Mail/Parcels
       4702 East Saunders St.
       Laredo, TX 78401
       PRO SE